**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | Case No. 11-43004-MSH |
| TERESA WELCH, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION TO
DEBTOR'S CLAIM OF EXEMPTION AND AMENDED PLAN**

The matter arises from the chapter 13 trustee's objection to the debtor's claimed exemption in certain real property and to the debtor's amended plan. The facts are not in dispute. In May 1998, Teresa Welch, the debtor, acquired ownership of a home located at 48 Bailey Road in Andover, Massachusetts. In November 2009, she consulted counsel about bankruptcy and other debt relief options. She was advised to form a nominee trust and transfer title to her home to the trust. On April 1, 2010, a declaration of trust dated March 31, 2010, establishing the Celtic Realty Trust, was recorded at the Essex County North District Registry of Deeds followed immediately by a quitclaim deed transferring title to the Andover property from Ms. Welch individually to Ms. Welch as trustee of the trust. A schedule of beneficiaries dated contemporaneously with the declaration of trust stated that the debtor held a 99% beneficial interest in the trust and her minor son held the remaining 1% beneficial interest. In March 2011, Ms. Welch asked counsel to draft documents to transfer her son's 1% interest to her. Counsel drafted a revised schedule of trust beneficiaries dated March 16, 2011, which listed the debtor as

owning 100% of the beneficial interest in the trust. On March 17, 2011, the debtor recorded a Declaration of Homestead under Massachusetts General Laws chapter 188 listing herself individually as owner of the Andover property.[1]

On July 13, 2011, Ms. Welch filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (11 U.S.C. § 101 *et seq*.) ( the "Bankruptcy Code"). On amended schedule A to her petition, she listed the Andover property as her asset having a fair market value of $608,400 and encumbered by liens totaling $313,484, resulting in equity to her of $294,916. On schedule C the debtor claimed a homestead exemption in the property under MASS. GEN. LAWS ch. 188, § 1 in the amount of $500,000.00. The trustee's objection followed.

Section 522(b) of the Bankruptcy Code allows a debtor to elect to exempt property of the estate either under state and non-bankruptcy federal law or under federal bankruptcy law. Under § 522(b)(2), a state may restrict its residents who file bankruptcy to only the state's exemptions by opting out of the federal bankruptcy exemption scheme. Massachusetts is not an opt-out state. Ms. Welch chose the Massachusetts exemptions, including the Massachusetts homestead exemption.

The Massachusetts homestead statute permits an individual who owns and occupies real property as her residence to place her equity in the residence, generally up to a maximum of $500,000, beyond the reach of creditors. MASS. GEN. LAWS ch. 188, § 1 *et seq*. (2010). The Massachusetts homestead statute was "designed to benefit the homestead declarant …by protecting the family residence from the claims of creditors." *Dwyer v. Campellin*, 424 Mass. 26, 673 N.E.2d 863, 866 (1996). Accordingly, the homestead exemption should be construed

---

[1] On March 16, 2011, a comprehensive revision of MASS. GEN. LAWS ch. 188 took effect. For the first time property held in a nominee trust could be exempted under the state's homestead law. Had no change to the beneficial ownership of the Celtic Realty Trust taken place, Ms. Welch as trustee could have recorded a Declaration of Homestead on behalf of one or both beneficiaries.

2

liberally in favor of debtors. *Id.* An objecting party has the burden of proving that the debtor is not entitled to the claimed homestead exemption. Fed. R. Bankr. P. 4003(c); *see also Aroesty v. Bankowski (In re Aroesty)*, 385 B.R. 1, 4 (B.A.P. 1st Cir. 2008).

Homestead exemptions may be subject to the provision of Bankruptcy Code § 522(p), which provides that if a debtor elects to exempt property under state law "a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of filing of the petition that exceeds in the aggregate $146,450 in value in real or personal property that the debtor claims as a homestead." 11 U.S.C. § 522(p)(1)(D).

The trustee contends that when the debtor received her son's 1% beneficial interest in the Celtic Realty Trust in March 2011, thereby becoming owner of 100% of the beneficial interest in the trust, her legal and equitable interests merged, the trust terminated by operation of law and the debtor acquired title to the Andover property. The trustee claims that by acquiring title to the Andover property as a result of the March 2011 transfer of beneficial interest the debtor acquired the interest in the property within 1215 days of her chapter 13 petition date, thereby subjecting her homestead exemption to the $146,450 cap imposed by § 522(p)(1).[2] Limiting the exemption to $146,450 creates some $148,000 in non-exempt equity in the property available to Ms. Welch's unsecured creditors and because Ms. Welch's proposed chapter 13 plan does not offer to pay creditors the equivalent of this non-exempt equity, the trustee also objects to confirmation of the plan.

Ms. Welch responded to the trustee's objection with a general denial of the trustee's allegations. At a hearing on May 15, 2012, Ms. Welch's counsel agreed that a merger of legal and equitable interests in the trust occurred when Ms. Welch's son transferred his 1% beneficial

---

[2] The 1215th day prior to the petition date was March 15, 2008.

interest to her and she became sole beneficiary and sole trustee in March of 2011. Counsel for Ms. Welch contended, however, that only the 1% beneficial interest would be subject to the cap, and because the value of a 1% interest is less than the statutory cap of $146,450, the trustee's objection was for naught.

The present dispute hinges on the meaning and scope of Bankruptcy Code § 522(p). As stated by the Bankruptcy Appellate Panel for the First Circuit, "a homestead exemption permitted under state law is subject to the limitation under § 522(p)(1) when three elements exist: (i) an interest in property (ii) is acquired by the debtor (iii) within 1215 days of the petition filing date." *Aroesty*, 385 B.R. at 4.

The term "acquire" means "to gain possession or control of, to get or obtain." BLACK'S LAW DICTIONARY 26 (9th ed. 2009). *See also In re Sainlar*, 344 B.R. 669, 672-673 (Bankr. M.D. Fla. 2006) ("[t]he word acquired is not a term of art in the law of property but one in common use. The plain import of the word is 'obtained as one's own.'"). As noted by one bankruptcy court, the term "acquired" is modified by the phrase "by the debtor." *In re Rasmussen*, 349 B.R. 747, 757 (Bankr. M.D. Fla. 2006). "[T]he addition of the clause 'by the debtor' after 'acquires' implies more than a passive acquisition – such as appreciation; it implies an active acquisition of equity such as by an affirmative act of a down payment or mortgage pay down." *Id.* at 757. Thus, in order for the § 522(p) cap to apply, the debtor must actively acquire the interest. *See In re Leung*, 356 B.R. 317, 322 (Bankr. D. Mass. 2006) ("[t]o the extent that 'acquired by the debtor' requires an affirmative action, I find that the Debtor acquired an interest because he accepted delivery of the deed and then made the affirmative step to declare a homestead"); *In re Aroesty*, 385 B.R. at 6 (finding that the debtor acquired a title interest by accepting and recording the deed, and then recording the second declaration of homestead).

4

The merger of equitable and legal title by operation of Massachusetts law that occurs when an individual becomes both the sole trustee and sole beneficiary of a trust is not an acquisition of title for purposes of Bankruptcy Code § 522(p). A change in status by operation of law is a quintessentially passive event. Unlike the debtors in *Leung* and *Aroesty*, Ms. Welch undertook no affirmative act of acquisition such as accepting and recording a deed from the trust back to her. Her only affirmative action was to instruct her attorney to draft documents to effect the transfer to her of her son's 1% beneficial interest in the trust. In no conceivable light can such conduct be viewed as an active acquisition of an interest in real property. Had Ms. Welch's counsel prepared an instrument of transfer of the 1% beneficial interest from Ms. Welch's son to her and had that instrument been executed by Ms. Welch's son, delivered by him and accepted by her, it could be argued that as to the 1% beneficial interest Ms. Welch engaged in an active acquisition. But the record in this matter does not indicate that such activity occurred. Rather, Ms. Welch's counsel executed her instructions by drafting a revised schedule of beneficiaries for the trust simply listing Ms. Welch as owner of 100% of the beneficial interest.[3]

Even if an instrument of transfer had been signed, sealed, acknowledged, delivered and accepted, the interest acquired by Ms. Welch within 1215 days of her bankruptcy petition would have been a 1% beneficial interest in the trust. Prior to the transfer, Ms. Welch held 100% of the legal interest and 99% of the beneficial interest in the trust. Before the transfer the value of the trust res would have been shared by Ms. Welch and her son 99% and 1% respectively. With the transfer of the 1% Ms. Welch did not suddenly see the value of her interest increase from 0% to 100% but rather from 99% to 100%. For that 1% beneficial interest to be subject to the § 522(p)

---

[3] Whether a transfer of a beneficial interest in a trust may be effected by simply revising the schedule of beneficiaries is a question the parties have chosen not to litigate. They have assumed a valid transfer occurred and for purposes of this decision so will I.

cap it would have had to be worth more than $146,450, meaning that the Andover property would have had to be worth more than $14,645,000, a spectacularly improbable scenario.

Finding § 522(p) inapplicable to Ms. Welch's claimed exemption is also consistent with the purpose of the statute. "The legislative history of § 522(p) makes clear that it was intended to plug the 'mansion loophole' whereby an individual owning a high-priced residence in a low-dollar homestead state could sell that home and reinvest the proceeds in a high-priced residence in a state with unlimited homestead protection like Florida or Texas, then file bankruptcy and exempt from creditors the entire homestead." *In re Gentile*, 483 B.R. 50, 53 (Bankr. D. Mass. 2012) (internal citations omitted). Regrettably, the statute which ultimately emerged from the legislative sausage-making process covers a far wider spectrum of transactions than the one Congress set its sights on. This has resulted in a brisk business for the bankruptcy court as trustees and creditors seek to capture within the boundaries of the statute an ever-expanding array of real estate related transfers. By any standard, however, a merger of title by operation of law with no change in occupancy or residence or the acquisition of a 1% interest worth substantially less than the statutory cap is certainly not the type of mischief Congress intended to discourage in § 522(p).

[Remainder of page left blank.]

The trustee has failed to demonstrate that the debtor acquired an interest in property subject to the exemption cap of Bankruptcy Code § 522(p), or if an interest in property was acquired, that the value of such interest exceeded the cap. Since Ms. Welch is entitled to exempt the entire equity in the Andover property, the trustee's objection to the amended plan must also fail. Accordingly, the trustee's objection to the debtor's homestead exemption and to the debtor's amended plan is OVERRULED.

At Worcester, Massachusetts this 17th day of January, 2013.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:

Mark C. Rossi, Esher Rossi LLC, Boston, MA
    for the debtor

Joanne Psilos, Attorney for the Chapter 13 Trustee, Denise Pappalardo, Office of the Chapter 13 Trustee, Worcester, MA
    for the Chapter 13 Trustee